IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

XIAMEN LOTA INTERNATIONAL )
CO., LTD., )
                              )
              Plaintiff, )
                              )
        v. )            No. 13 C 2778
                              )
INTEGRATED SALES SOLUTIONS LLC, )
et al., )
                              )
              Defendants. )

<u>MEMORANDUM ORDER</u>

Integrated Sales Solutions LLC ("Integrated Sales") has

filed an Answer, Affirmative Defenses ("ADs") and Counterclaims

to the patent infringement Complaint brought against it and

codefendant Zoje Kitchen & Bath Co. Ltd. by Xiamen Lota

International Co., Ltd. ("Lota"). Because that responsive

pleading is flawed in numerous respects, this memorandum order is

issued sua sponte (1) to strike the pleading in its entirety and

(2) to direct the filing of an appropriate pleading in its

stead.[1]

First, the entire group of disclaimers in the Answer that

track the language of Fed. R. Civ. P. ("Rule") 8(b)(5)(Answer

¶¶3, 5, 8 and 14 through 18) conclude with the phrase "and

therefore denies the same." That is of course oxymoronic--how

---

[1] No effort will be made here to rank the problematic
aspects of Integrated Sales' pleading in their order of
importance. Instead they will be dealt with seriatim in the
sequence in which they appear in the pleading.

can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Next, Answer ¶¶4 and 7 assert that Integrated Sales has no obligation to respond to the Complaint's jurisdictional and venue allegations because they state "legal conclusions." That of course is arrant nonsense--see App'x ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). If Integrated Sales has some predicate for questioning either subject matter jurisdiction or venue (a possibility that would be surprising, given what its counsel have alleged on its own behalf in its contemporaneously filed Counterclaim ¶3), it has an obligation to front those issues for threshold determination.

To turn to the ADs, they are problematic in a number of respects (for starters, Integrated Sales' counsel should read--if not commit to memory--App'x ¶5 to <u>State Farm</u>). Here are some particulars:

1. AD 1 asserts a lack of personal jurisdiction over Integrated Sales. If that is really a problem, that issue ought to be broached at the outset--but having said that, this Court notes that Integrated Sales' Counterclaim has itself invoked this Court's jurisdiction (in addition to

which Counterclaim ¶3 asserts that venue for the Counterclaims "is proper in this district, but would be more convenient in the Northern District of Georgia." Integrated Sales' counsel cannot fairly do battle in this territory on its claims while at the same time keeping a challenge to in personam jurisdiction over Lota's claims in its corporate hip pocket.

2. AD 2 is the legal equivalent of a Rule 12(b)(6) motion, which must of course treat Lota's allegations as gospel for that purpose. That being so, it can only be assumed that defense counsel has not read Complaint ¶¶8 through 12. Accordingly AD 2 is stricken.

3. Federal pleading is regularly referred to as a system of notice pleading, rather than the fact-pleading practice that prevails in many state court systems. But properly thought of, notice pleading is a two-way street, with a defendant obligated to apprise the plaintiff and the Court of defendant's contentions. In that respect AD 3 is really uninformative--if Integrated Sales has any specific complaints about the validity of Lota's '506 Patent, it must flesh out AD 3 to apprise the reader of the claimed defect or defects. In the meantime AD 3 is stricken, but with leave granted to replace what is said generically there with the requisite particulars.

3

4.  AD 4 flies directly in the face of Complaint ¶9, so it is impermissible as an AD.  Answer ¶9 has already denied infringement, so AD 4 is stricken as well.

5.  AD 6 is an impermissible grab bag.  Once again, any of the listed asserted flaws must be fleshed out appropriately.  For the present, then, AD 6 is stricken, again without prejudice to the possible advancement of the objections stated there--but with appropriate support.

6.  AD 8 is wholly speculative (something readily recognizable when a proposed AD is hedged by "to the extent").  It too is stricken, without prejudice to its possible future assertion if discovery reveals a failure to mark products embodying the claims of the '506 Patent.

## Conclusion

As indicated at the outset, the flaws in the Answer and ADs are too numerous to be cured by an amendment that would result in a patchwork pleading.  Accordingly they are stricken in their entirety (leaving the Counterclaims intact), and a self-contained Amended Answer and Affirmative Defenses is ordered to be filed on or before August 9, 2013.

_____
Milton I. Shadur
Senior United States District Judge

Date:  July 23, 2013

4